## OSTROSKY v. HEINLE.

### (Supreme Court, Appellate Term. March, 1902.)

NEGLIGENCE—DAMAGES—AMOUNT CLAIMED—EXCESS.

Where, in an action for damages for negligent injury to the person and property of plaintiff, his bill of particulars alleges damages in the sum of $273.60, of which the item of $150 for personal injury is waived at the trial, and his testimony shows the damages on other items to be $30 less than claimed, an award of $130.36 damages is unjustified.

Appeal from 1 'unicipal court, borough of Manhattan.

Action by Michael Ostrosky against William Heinle, impleaded with another. From a judgment for plaintiff against defendant Heinle, he appeals. Modified.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

H. S. Sayers, for appellant.

Saul S. Myers, for respondent.

GREENBAUM, J. This is an appeal by the defendant William Heinle, against whom judgment was rendered in an action for damages for injuries to the plaint.'f's horse and wagon caused by a runaway horse belonging to one of the defendants. The judge dismissed the action as against the defendant Carl Heinle, a brother of William. The defendant Carl drove the runaway horse and wagon. Upon the latter was the name of the Fairfax Farm Dairy, which was likewise the name under which the defendant William did business. The horse, being left unhitched and unattended in the street by Carl while on a milk-delivery route, ran away (from what cause is not shown), and dashed into plaintiff's horse and wagon, which were at the time lawfully on the highway, standing next to the sidewalk. The negligence of the owner of the horse, and the absence of contributory negligence of the plaintiff, sufficiently appear to sustain the judgment. There was a dispute as to the ownership of the horse. Certain admissions of ownership on the part of William were testified to, while William swore that he had never owned the horse, but that Carl had bought him three weeks before the accident. While the testimony as to the ownership is meager, it was sufficient, here, to sustain the finding of the justice.

The amount of damages ($130.36) awarded by the justice, however, is not supported by the proof. Plaintiff's bill of particulars alleges damage in the sum of $273.60, of which $150 for personal injury to the plaintiff was waived. This leaves the full claim at $123.60. The testimony of the plaintiff and his witnesses shows that the damage to the wagon amounted to $14.60, instead of $29.60; to the vegetables, $15, instead of $20. These two items would reduce the plaintiff's claim by $20. The loss of prospective profits should also have been disallowed ($10). Deducting, therefore, the aggregate of $30 from plaintiff's claim of $123.60, it appears that $93.60 would represent the damages sustained by plaintiff, based upon the proofs in the case. Judgment modified by reducing the damages allowed by the justice

to $93.60, and as modified affirmed, with the costs granted below.   No costs on appeal to either party.

Judgment modified, and as modified affirmed, with costs granted below.   All concur.